IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: _____

GREGORY R. LANE AND DANIELA N.
DESANTIS (A/A/O CHRISTOPHER W.
PATTERSON & ATHINA PATTERSON),

    Plaintiffs,

vs.

LEXINGTON INSURANCE COMPANY,

    Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that the Defendant, LEXINGTON INSURANCE COMPANY (hereinafter referred to as "Defendant" or "Lexington"), a foreign corporation, by and through its undersigned counsel and pursuant to 28 U.S.C. § 1446, hereby files this Notice of Removal in order to remove the above-captioned civil action from the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, to the United States District Court for the Middle District of Florida, Fort Myers Division. The above-captioned civil State Court action is styled as *Gregory R. Lane and Daniela N. Desantis (a/a/o Christopher W. Patterson & Athina Patterson) vs. Lexington Insurance Company*, Case No.: 20-CA-006603 (hereinafter referred to as "State Court Action"). The grounds for removal of the State Court Action to this Court are as follows:

    1.    Lexington is the Defendant in a civil action brought by Plaintiffs, Gregory R. Lane and Daniela N. Desantis (a/a/o Christopher W. Patterson and Athina Patterson) (hereinafter referred to as "Plaintiffs"), in the State Court Action which is located within the United States District Court for the Middle District of Florida. Complete copies of the Plaintiffs' Complaint

(hereinafter referred to as "Complaint"), Notice of Service of Process, and pleadings served upon Lexington in the State Court Action are collectively attached to this Notice of Removal pursuant to 28 U.S.C. §1446(a) as composite Exhibit "A".  To date, no Orders have been entered in the State Court Action.

2. At all material times hereto, Lexington was and is a foreign corporation, incorporated in Delaware, doing business in the State of Florida, with its principal place of business in Massachusetts.

3. At all material times hereto, the Plaintiffs were citizens of a different state than Lexington, that being Florida, with the subject insured property located in Lee County, Florida. *See* Ex. A, Complaint, ¶ ¶ 3 and 4.

4. More specifically, the property at issue in this suit is located at 22848 Mossy Trail, Estero, Florida 34135 (hereinafter referred to as "Insured Property"), and was insured by Lexington via a surplus lines policy issued to the Named Insureds, Christopher W. Patterson and Athina Patterson (hereinafter referred to as "Named Insureds"). *See* Ex. A, Complaint, ¶ 4 and Exhibit A.  The Insured Property is the location of the alleged damages at issue in this suit for which benefits are sought by the Plaintiffs under said policy.  *See generally* Ex. A, Complaint.

5. The current action is a suit between citizens of different states in which the amount in controversy exceeds $75,000.00.

6. Accordingly, Lexington is entitled to remove this action because this Honorable Court has original jurisdiction based on diversity of citizenship as provided by 28 U.S.C. § 1332.

7. The State Court Action is properly removed to this district and division under 28 U.S.C. § 1441 because it is the district and division embracing the place where the State Court Action is pending.  *See* 28 U.S.C. § 1441(a); *see also* Ex. A, Complaint.

8. The Plaintiffs' Complaint filed in the State Court Acton was served on Lexington on or about October 6, 2020; this is the date upon which the Chief Financial Officer of the State of Florida forwarded a copy of the Complaint to Lexington's designated agent, and the date upon which Lexington's designated agent for service of process received same. *See* Ex. A, Notice of Service of Process.

9. The Plaintiffs' Complaint alleges that "[t]he Insured Property sustained direct physical damage caused by Hurricane Irma." *See* Ex. A, Complaint, ¶ 8. Plaintiffs allege that they are the assignees of the Named Insureds under the governing policy pursuant to a purported assignment of benefits signed by the Named Insureds or an authorized representative of the Named Insureds. *See* Ex. A, Complaint ¶ 4 and Exhibit A.

10. The Plaintiffs maintain that Lexington breached the contract by its "failure to properly pay the full amount of insurance proceeds owed to Plaintiff [sic]." *See* Ex. A, Complaint, ¶ 14.

11. The allegations contained in the Plaintiffs' Complaint are vague and non-specific with respect to the total amount of the claim as the Complaint alleges, in pertinent part: "[t]his is an action for damages in excess of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of interest, attorneys' fees and costs..." *See* Ex. A, Complaint, ¶ 1.

12. In support of Plaintiffs' claim against Lexington for the foregoing, prior to service of suit, the Plaintiffs provided other papers to Lexington claiming alleged damage in the amount of $382,726.98, exclusive of the applicable policy deductible. After application of the applicable Wind Hail deductible ($55,000.00), the amount in controversy is $327,726.98. As such, the instant case is one that is removable as the amount in controversy exceeds $75,000.00. A copy of Plaintiffs' estimate prepared by CMR Construction and Roofing on Plaintiffs' behalf totaling

$382,726.98, is attached hereto and marked as Exhibit "B."

13. Thus, the allegations in the Plaintiffs' Complaint together with other papers supplied by the Plaintiffs demonstrate that the amount in controversy in this case exceeds $75,000.00, exclusive of any alleged interest and fees as set forth above. *See* Ex. A & Ex. B.

14. As such, consistent with 28 U.S.C. §1446, this Notice of Removal is timely filed within thirty (30) days of Lexington's service and receipt of other papers from which it could first be ascertained that the case is one which is removable as the amount in controversy exceeds $75,000.00. *See* Ex. A.

15. A copy of this Notice of Removal is being filed contemporaneously with the Clerk of the Court in the State Court Action.

**WHEREFORE**, Defendant, Lexington, respectfully requests that the civil action filed by Plaintiffs in the Circuit Court for the Twentieth Judicial Circuit, in and for Lee County, Florida, be removed to this Court as provided by 28 U.S.C. §1441, *et. seq*, and that this Honorable Court accept jurisdiction of this action.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on the 5th day of November, 2020, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF.

**THE TEEBAGY & MEDEIROS
LAW GROUP, PLLC**
Attorneys for Defendant
P.O. Box 221647
West Palm Beach, FL 33422
Telephone: (561) 229-0280
Facsimile: (561) 229-0281
Primary Email:  eservice@thetmlaw.com

By:  ___*/s/ Crystalin Medeiros*
Steven C. Teebagy, Esquire
Non-Service Email:  steebagy@thetmlaw.com
Florida Bar No.:  64823
Crystalin Medeiros, Esquire
Non-Service Email:  cmedeiros@thetmlaw.com
Florida Bar No.:  56342

## **SERVICE LIST**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORY R. LANE AND DANIELA N. DESANTIS (A/A/O CHRISTOPHER W. PATTERSON & ATHINA PATTERSON) VS. LEXINGTON INSURANCE COMPANY

CASE NO.: 20-CA-006603

Gabriel Isasi V, Esquire
Kanner & Pintaluga, P.A.
925 S. Federal Highway, Sixth Floor
Boca Raton, Florida 33432
Telephone: (561) 424-0032
Fax No.: (561) 853-2188
E-service: firstpartyeservice@kpattorney.com
Email(s): gisasi@kpattorney.com
dluett@kpattorney.com
Attorney for Plaintiffs