UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORY R. LANE AND DANIELA N. DESANTIS (A/A/O CHRISTOPHER W. PATTERSON AND ATHINA PATTERSON),

    Plaintiff,

v.

LEXINGTON INSURANCE COMPANY,

    Defendant.
_____/

CASE NO.: 2:20-CV-00882-SPC-NPM

**PLAINTIFFS' AMENDED COMPLAINT FOR BREACH OF CONTRACT AND DEMAND FOR JURY TRIAL**

*(Amended as to attaching proper assignment of benefits[1])*

COMES NOW, Plaintiffs, GREGORY R. LANE AND DANIELA N. DESANTIS (A/A/O CHRISTOPHER W. PATTERSON AND ATHINA PATTERSON), through the undersigned counsel, hereby file this Amended Complaint against Defendant, LEXINGTON INSURANCE COMPANY, and as grounds therefore states as follows:

1. This is an action for damages in excess of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of interest, attorneys' fees and costs, and is otherwise within the jurisdictional limits of this Court.

2. At all times material hereto, Defendant was an insurance company authorized to do business in the State of Florida and doing business in Lee County, Florida.

3. At all times material hereto, the damaged property is located in Lee County, Fort Meyers Division, Florida.

---

[1] The Parties submitted an agreed order via US mail allowing such an amendment but same has not been entered yet.

4. Plaintiffs bring this action pursuant to an assignment of benefits signed by the named insured or an authorized representative of the named insured(s), for good consideration. Attached hereto and incorporated by reference in as Plaintiffs' "**Exhibit A**" is a true and correct copy of the assignment of benefits agreement signed by the Insured and/or the Insured's authorized agent.

5. Prior to Hurricane Irma, Plaintiffs purchased homeowner's insurance from Defendant to cover the property located at 22848 Mossy Trail, Estero, FL 34135 (hereinafter "Insured Property"). Said policy of insurance, which is believed to be policy number 12899296, was issued by Defendant to Plaintiffs to provide property insurance coverage for the Insured Property.

6. At all times material hereto, Insureds purchased homeowner's insurance from Defendant to cover the property located at 22848 Mossy Trail, Estero, Florida 34135 (hereinafter "Insured Property"). Said policy of insurance, (hereinafter "Contract"), was issued by Defendant to Insured to provide property insurance coverage for the Insured Property. Plaintiff is not in possession of a complete certified copy of the Contract; however, the Contract is well known to and in the possession of Defendant, and Plaintiff has requested a formal copy of the Contract through a Request to Produce which has been served upon Defendant contemporaneously with this Complaint.  See Equity Premium, Inc. v. Twin City Fire Ins. Co., 956 So. 2d 1257 (Fla. 4th DCA 2007); Amiker v. Mid-Century Ins. Co., 398 So. 2d 974 (Fla. 1st DCA 1981); Parkway General Hospital Inc. v. Allstate Ins. Co., 393 So. 2d 1171 (Fla. 3rd DCA 1981).

7. Plaintiffs paid the premiums for the Contract prior to Hurricane Irma.

8. On or about September 10, 2017, the Insured Property sustained direct physical damage caused by Hurricane Irma.

9. The Contract described in paragraph 5 above was in full force and effect as of September 10, 2017.

10. Defendant received timely notice of the loss.

11. Defendant assigned the loss reported by Plaintiffs and described in paragraph 7 above a claim number believed to be 683-659124.

12. Defendant and its agents requested and were given access and opportunity to inspect the Insured Property and the reported damage arising from the loss described in paragraph 7 above.

13. Defendant failed to issue any payments for the damages to Plaintiffs' property.

14. This is an action relating to Defendant's breach of contract for its failure to properly pay the full amount of insurance proceeds owed to Plaintiffs.

15. Jurisdiction and venue of this matter are proper in the Circuit Court for Lee County, Florida; however, this case has been properly removed to federal court in the Fort Meyers Division in the Middle District of Florida.

## COUNT I – BREACH OF CONTRACT

16. Plaintiffs reallege and reincorporate paragraphs 1-15 as if fully stated herein, and further alleges as follows:

17. During the above Contract period, the insured property sustained direct physical damages occurring on or about September 10, 2017 as a result of Hurricane Irma.

18. Plaintiffs provided timely notice of the loss to Defendant.

19. Prior to the initiation of this lawsuit, Defendant denied coverage under the Contract for the damages referenced herein and has refused or otherwise failed to issue any payment to Plaintiffs consistent with the same.

20. Plaintiffs complied with all obligations and conditions precedent to this lawsuit, entitling Plaintiffs to recover benefits under the Contract, or such conditions have been waived.

21. Defendant failed to provide complete coverage for the physical damages that occurred during the Contract period.

22. This failure constitutes a breach of the Contract.

23. Plaintiffs were damaged by Defendant's breach in the form of unpaid insurance proceeds needed to restore the property to its pre-loss condition as a result of Defendant refusing to pay the full amount owed under the Contract.

24. As a direct and proximate result of Defendant's breach of contract, Plaintiffs were required to retain the services of the undersigned attorneys to represent and protect the interests of Plaintiffs, and Plaintiffs have become obligated to pay them a reasonable fee for their services in bringing this action.

25. In the event Plaintiffs prevail in this action, Plaintiffs are entitled to an award of attorneys' fees and costs pursuant to section 627.428, 626.9373 and 57.041, Florida Statutes and/or other Florida Law.

WHEREFORE, the Plaintiffs demand judgment against Defendant for damages, including but not limited to damages owed under the Contract, attorneys' fees and costs, and Plaintiffs demands trial by jury of all issues so triable.

## **DEMAND FOR JURY TRIAL**

Plaintiffs further demand a trial by jury of all issues so triable as a matter of right.

*(CERTIFICATE OF SERVICE TO FOLLOW)*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of January 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List in the manner specified, either via transmission or Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**KANNER & PINTALUGA, P.A.**
Attorneys for Plaintiff
925 S. Federal Highway, Sixth Floor
Boca Raton, FL 33432
Phone: (561) 424-0032
Fax:    (561) 853-2188

**COURT PHONE NUMBER: 1-888-824-7834**
Email: mgottlieb@kpattorney.com
        psaldana@kpattorney.com
        FirstPartyEService@kpattorney.com


By: _/s/ Matthew Gottlieb_   .
        MAX M. MESSINGER, ESQ.
        Florida Bar No.: 69988
        MATTHEW GOTTLIEB, ESQ.
        Florida Bar No.: 118704